IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br>NO. 1 INTERNATIONAL, Inc.<br><br>Debtor.<br><br>NO. 1 INTERNATIONAL, INC., a Utah corporation, REX FALKENRATH, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>KARREN, HENDRIX, STAGG, ALLEN & COMPANY, P.C., ROBERT L. ARCHULETA, an individual, DANNY L. HENDRIX, an individual, STEPHEN R. CAPSON, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS PLAINTIFF REX FALKENRATH, GRANTING PLAINTIFF FALKENRATH'S MOTION TO AMEND COMPLAINT, GRANTING PLAINTIFF FALKENRATH'S MOTION TO AMEND SCHEDULING ORDER, AND GRANTING TRUSTEE'S MOTION TO SUBSTITUTE PLAINTIFF<br><br><br>Case No. 2:09-CV-217 TS<br><br>Bankruptcy No. 08-26833 RKM<br><br>Adversary Proceeding No. 09-02055 |

This matter is before the Court on the following Motions: (1) Plaintiff Falkenrath's Motion to Amend Scheduling Order; (2) Defendants' Motion to Dismiss Plaintiff Rex Falkenrath; (3) Plaintiff Falkenrath's Motion to Amend Complaint; and (4) Trustee's Motion to Substitute Plaintiff. The Court will discuss each Motion below.

1

## I. DEFENDANTS' MOTION TO DISMISS PLAINTIFF REX FALKENRATH AND PLAINTIFF FALKENRATH'S MOTION TO AMEND COMPLAINT

The Court turns first to Defendants' Motion to Dismiss Plaintiff Rex Falkenrath and Plaintiff Falkenrath's competing Motion to Amend Complaint. Defendants assert that Plaintiff Falkenrath should be dismissed because there is no allegation in the Complaint that Falkenrath is in privity of contract with Defendants. Therefore, Defendants argue, Plaintiff Falkenrath's Complaint fails pursuant to Utah Code Ann. § 58-26a-602. Plaintiff Falkenrath, proceeding pro se, opposes the Motion and seeks to amend the Complaint.

A.   FACTS

The following facts are taken from the Complaint. Plaintiff No. 1 International, Inc. ("No. 1") was a Utah corporation involved in selling auto parts to retail stores. No. 1 ceased to conduct business on July 31, 2008. Plaintiff Falkenrath is the majority stakeholder of No. 1. Defendant Karren, Hendrix, Stagg, Allen & Company, P.C. ("KHSA") is an accounting firm that employed Defendants Archuleta, Hendrix, and Capson. KHSA provided accounting services to No. 1 for approximately 15 years. As the Complaint makes clear, the contract for such services was entered into by KHSA and No. 1.

Plaintiffs No. 1 and Falkenrath bring this action against Defendants as a result of certain events that occurred during the time that Defendants provided accounting services to No. 1. Specifically, Plaintiffs allege that Defendants breached the contract between the parties by failing to prepare and produce accurate financial information in the financial statements that they attested to. Further, Plaintiffs allege that Defendants breached the agreement by not properly identify the problems with accounting, not making proper adjustments, and not providing a

proper fix. Plaintiffs also bring claims for professional negligence and negligent supervision. Plaintiffs seek damages of over $17,000,000.

B.   STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[6] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Id*.

complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

C. DISCUSSION

Defendants argue that Plaintiff Falkenrath's claims are barred by Utah Code Ann. § 58-26a-602. The provision states:

> A licensee, a CPA firm registered under this chapter, and any employee, partner, member, officer, or shareholder of a licensee or CPA firm *are not liable to persons with whom they are not in privity of contract for civil damages* resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by that person, except for:
> (1) acts, omissions, decisions, or conduct that constitute fraud or intentional misrepresentations; or
> (2) other acts, omissions, decisions, or conduct, if the person performing the professional services:
> (a) knew that a primary intent of the client was for the professional services to benefit or influence the particular person seeking to establish liability; and
> (b) identified in writing to the client that the professional services performed on behalf of the client were intended to be relied upon by the particular person seeking to establish liability.[8]

Here, there are no allegations that either of the exceptions set out in subsection (1) or (2) are applicable. Thus, under this provision, Defendant can only be liable to Plaintiff Falkenrath for civil damages if he was in privity of contract.

Plaintiff Falkenrath argues that there are sufficient facts to allege that he was in privity of contract with Defendants. Specifically, Plaintiff points to those portions of the Complaint which detail his personal involvement with Defendants, including personally guaranteeing a loan in reliance upon the work performed by Defendants. In the alternative, Plaintiff seeks to amend the Complaint.

---

[7]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]Utah Code Ann. § 58-26a-602 (emphasis added).

The Court agrees with Defendants that there are insufficient allegations in the Complaint to show that Plaintiff Falkenrath was in privity of contract with Defendants. Rather, the Complaint clearly alleges that the agreement entered into was between KHSA and No. 1, not KHSA and Falkenrath. However, because Plaintiff is proceeding pro se, the Court finds that the best course of action is to allow Plaintiff an opportunity to amend the Complaint to attempt to show privity. The Court is cognizant of the fact that the time for amending pleadings in this matter has passed. However, as discussed below, the Court finds that an amended scheduling order is necessary here.

Plaintiff must file an Amended Complaint within thirty (30) days of this Order. Plaintiff Falkenrath is cautioned that he may only assert claims on behalf of himself and may not represent No. 1.

II. PLAINTIFF FALKENRATH'S MOTION TO AMEND SCHEDULING ORDER

In addition to seeking to amend the Complaint, Plaintiff Falkenrath also seeks to amend the Scheduling Order in this matter. The primary reason for his Motion is that his counsel was recently allowed to withdraw and he has since been proceeding pro se. Defendants oppose the Motion, arguing that it is not justified and lacks good cause.

Fed.R.Civ.P. 16(b)(3) provides that a "schedule may be modified only for good cause and with the judge's consent." The Court finds that Plaintiff Falkenrath has shown good cause. Specifically, the Court finds that the recent withdrawal of Plaintiff's counsel and his decision to proceed pro se constitutes good cause to allow for amendment of the scheduling order. The parties are directed to submit an amended scheduling order within thirty (30) days of this Order.

III. TRUSTEE'S MOTION TO SUBSTITUTE PLAINTIFF

Gary E. Jubber, the Chapter 7 Trustee of No. 1, seeks an order substituting the Trustee in the place of No. 1. Defendants object to the Trustee being substituted for No. 1 as to any claims in the Complaint that are on behalf of third parties or are based on alleged damages not incurred by No. 1.

Pursuant to 11 U.S.C. § 541(a)(1) "all legal or equitable interests of the debtor in property as of the commencement of the case" are part of the bankruptcy estate and the trustee stands in the shoes of the debtor.[9] "[I]t is well established that the 'interests of the debtor in property' include 'causes of action.'"[10] "After a claim becomes part of the bankruptcy estate, only the bankruptcy trustee, as representative of the estate, has the authority to prosecute or settle the cause of action."[11] Under Fed.R.Civ.P. 25(c) "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Pursuant to this authority, it is appropriate to substitute the Trustee in place of No. 1. Any concerns that Defendants may have about the Trustee asserting claims which are not part of the bankruptcy are better addressed by motion and do not prevent the Court from substituting the Trustee in place of No. 1.

---

[9] *Moiser v. Callister, Nebeker & McCullough*, 546 F.3d 1271, 1275 (10th Cir. 2008).

[10] *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988). *See also In re Ozark Restaurant Equip. Co., Inc.*, 816 F.2d 1222, 1225 (8th Cir. 1987) ("[I]t is clear that causes of action belonging to the *debtor* a the commencement of the case are included within the definition of property of the estate.").

[11] *Feist v. Consol. Freightways Corp.*, 100 F.Supp. 2d 273, 274 (E.D. Pa. 1999). *See also Jefferson v. Gulf Coast YMCA*, 73 B.R. 179, 181-82 (S.D. Miss. 1986) ("It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property 'under the Bankruptcy Code'—vests in the trustee for the benefit of the estate.").

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff Falkenrath's Motion to Amend Scheduling Order (Docket No. 18) is GRANTED. The parties shall submit an amended scheduling order to the Court within thirty (30) days of this Order. It is further

ORDERED that Defendants' Motion to Dismiss Plaintiff Rex Falkenrath (Docket No. 19) is DENIED WITHOUT PREJUDICE. It is further

ORDERED that Plaintiff Falkenrath's Motion to Amend Complaint (Docket No. 29) is GRANTED. Plaintiff Falkenrath shall submit an amended Complaint to the Court within thirty (30) days of this Order. It is further

ORDERED that Trustee's Motion to Substitute Party (Docket No. 25) is GRANTED.

DATED February 8, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge