IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br>NO. 1 INTERNATIONAL, Inc.<br><br>    Debtor.<br>_____<br><br>NO. 1 INTERNATIONAL, INC., a Utah corporation, REX FALKENRATH, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>KARREN, HENDRIX, STAGG, ALLEN & COMPANY, P.C., ROBERT L. ARCHULETA, an individual, DANNY L. HENDRIX, an individual, STEPHEN R. CAPSON, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT OF REX FALKENRATH<br><br><br><br><br><br><br><br>Case No. 2:09-CV-217 TS<br><br>Bankruptcy No. 08-26833 RKM<br><br>Adversary Proceeding No. 09-02055 |

This matter is before the Court on Defendants' Motion to Dismiss the Amended Complaint of Rex Falkenrath.[1] For the reasons discussed below, the Court will grant the Motion.

---

[1] The claims of Rex Falkenrath have been assigned to Gary E. Jubber, Chapter 7 Trustee of No. 1 International, Inc. and the Trustee has been substituted in place of Mr. Falkenrath. *See* Docket No. 74.

1

I. DISCUSSION

Defendants assert that the Amended Complaint of Plaintiff Rex Falkenrath should be dismissed because Falkenrath is not in privity of contract with Defendants and, therefore, may not recover under Utah Code Ann. § 58-26a-602.

A.  FACTS

The following facts are taken from the Amended Complaint. Plaintiff No. 1 International, Inc. ("No. 1") was a Utah corporation involved in selling auto parts to retail stores. No. 1 ceased to conduct business on July 31, 2008. Plaintiff Falkenrath started No. 1 in 1973 and is the majority stakeholder of No. 1.

Defendant Karren, Hendrix, Stagg, Allen & Company, P.C. ("KHSA") is an accounting firm that employed Defendants Archuleta, Hendrix, and Capson. KHSA provided accounting services to No. 1 for approximately 15 years. KHSA also provided accounting services and financial advisory services to Falkenrath and his wife, and provided accounting services to another entity owned by Falkenrath.

Plaintiffs No. 1 and Falkenrath bring this action against Defendants as a result of certain events that occurred during the time that Defendants provided accounting services to No. 1. Specifically, Plaintiffs allege that Defendants breached the contract between the parties by failing to prepare and produce accurate financial information in the financial statements that they attested to. Further, Plaintiffs allege that Defendants breached the agreement by not properly identify the problems with accounting, not making proper adjustments, and not providing a

proper fix. Plaintiffs bring claims for breach of contract, professional negligence, and negligent supervision. Plaintiffs seek damages of over $17,000,000.

In his Amended Complaint, Falkenrath makes the following allegations that are relevant to this Motion:

> KHSA knew that Falkenrath was the major shareholder and director of the Company and KHSA knew that Falkenrath was relying on the accounting services provided by KHSA to the Company as a shareholder, director and as potential guarantor of the Company's obligations to US Bank.[2]
>
> Falkenrath told KHSA that he was preparing to give the Bank a personal guarantee on the Loan and needed KHSA to provide a written report to him, and to the Bank, assuring that the financial statements were accurate and that no further adjustments were needed.[3]

B.   STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[4] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[5] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving

---

[2] Docket No. 53, ¶21.

[3] *Id*. ¶ 32.

[4] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

party.[6] But, the court "need not accept conclusory allegations without supporting factual averments."[7] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[9] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[10]

C. ANALYSIS

Defendants argue that Plaintiff Falkenrath's claims are barred by Utah Code Ann. § 58-26a-602. The provision states:

> A licensee, a CPA firm registered under this chapter, and any employee, partner, member, officer, or shareholder of a licensee or CPA firm are not liable to persons with whom they are not in privity of contract for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by that person, except for:

---

[6]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9]*Id*.

[10]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

4

> (1) acts, omissions, decisions, or conduct that constitute fraud or intentional misrepresentations; or
> (2) other acts, omissions, decisions, or conduct, if the person performing the professional services:
> (a) knew that a primary intent of the client was for the professional services to benefit or influence the particular person seeking to establish liability; and
> (b) identified in writing to the client that the professional services performed on behalf of the client were intended to be relied upon by the particular person seeking to establish liability.[11]

Plaintiff does not argue that he was in privity of contract, nor does he argue that the fraud exception applies. Rather, Plaintiff argues that the exception contained in Utah Code Ann § 58-26a-602(2) applies here.[12]

In order for that exception to apply there must be sufficient allegations in the Amended Complaint that KHSA knew that a primary intent of No. 1 was for the professional services to benefit or influence Falkenrath and KHSA must have identified in writing to No. 1 that the professional services performed on behalf of the client were intended to be relied upon by Falkenrath. The Court finds that the Amended Complaint does not contain such allegations.

Plaintiff points the Court to Paragraphs 21 and 32 of the Amendment Complaint to support his argument that there are sufficient allegations that KHSA knew that a primary intent

---

[11] Utah Code Ann. § 58-26a-602 (emphasis added).

[12] Defendants argue that the Court only permitted Plaintiff the opportunity to amend to attempt to show privity and that Plaintiff's attempt to show an exception to Utah Code Ann § 58-26a-602 goes beyond the scope of the Court's Order. While the Court is cognizant of this fact, the Court must keep in mind that Plaintiff was previously proceeding pro se. Therefore, the Court will consider Plaintiff's arguments concerning an exception to Utah Code Ann § 58-26a-602.

of No. 1 was for the professional services to benefit or influence Falkenrath. Those paragraphs provide:

> KHSA knew that Falkenrath was the major shareholder and director of the Company and KHSA knew that Falkenrath was relying on the accounting services provided by KHSA to the Company as a shareholder, director and as potential guarantor of the Company's obligations to US Bank.[13]
>
> Falkenrath told KHSA that he was preparing to give the Bank a personal guarantee on the Loan and needed KHSA to provide a written report to him, and to the Bank, assuring that the financial statements were accurate and that no further adjustments were needed.[14]

These paragraphs allege that it was Falkenrath's intent to rely on the services provided by KHSA and that KHSA was aware of that intention. However, these paragraphs do not allege that KHSA knew the intentions of No. 1. This is what is required under the statute. Even construing the Amended Complaint liberally there are simply no allegations "that a primary intent of [No. 1] was for the professional services to benefit or influence [Falkenrath]."[15] Therefore, Plaintiff Falkenrath's claims are subject to dismissal pursuant to the statute and the Court need not discuss Defendants' additional grounds for dismissal.

Plaintiff, in a single sentence, asks leave to amend if the allegations in the Amended Complaint are insufficient. Plaintiff was given an opportunity to amend the deficiencies in his

---

[13]Docket No. 53, ¶21.

[14]*Id.* ¶ 32.

[15]Utah Code Ann. § 58-26-602(2)(a).

Complaint previously and has failed to do so. Therefore, the Court will deny Plaintiff's request for leave to amend.[16]

II. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss the Amended Complaint of Rex Falkenrath (Docket No. 54) is GRANTED. It is further

ORDERED that Defendants' Motion to Compel Discovery (Docket No. 59) is DENIED AS MOOT since it relates to Plaintiff Falkenrath.

The hearing set for September 16, 2010, is STRICKEN.

DATED   August 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16]See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "repeated failure to cure deficiencies by amendments previously allowed" as reason to deny leave to amend).

7